THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO THOMAS,

      Plaintiff,

v.

CORRECTIONAL OFFICER KRCMAR,

      Defendant.

Case No. 3:26-cv-00441-GCS

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Antonio Thomas, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while incarcerated at Menard Correctional Center. Thomas alleges that Correctional Officer ("C/O") Krcmar used excessive force on him in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1]    The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 2), and the limited consent to the exercise of Magistrate Judge jurisdiction by the Illinois Department of Corrections and the medical providers, as set forth in the Memoranda of Understanding between this Court and these entities.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

On October 27, 2024, Thomas was housed in the East Cellhouse at Menard Correctional Center (Doc. 1, p. 5). Early that morning, C/O Krcmar was running the shower line when he approached Thomas's cell. *Id*. He informed Thomas that his cell was not receiving a shower because it was not in compliance. *Id*. C/O Krcmar walked away from the cell and Thomas informed Krcmar that he should not worry about the cell being in compliance, as he needed to worry about turning the heat on in the cellhouse because it was cold. *Id*. at p. 5-6. C/O Krcmar turned around and deployed chemical spray directly in Thomas's face and to the back of his head while uttering a racial epithet. *Id*. at p. 6. Thomas maintained he was not a threat when Krcmar sprayed him. Thomas was unable to breathe and was left with a burning feeling on his face. *Id*.

After the incident, C/O Krcmar wrote Thomas a disciplinary ticket for Assault and Disobeying a Direct Order to Essential Safety and Security. (Doc. 1, p. 6). Thomas alleges the disciplinary ticket was false and designed to cover up Krcmar's use of force. *Id*. The ticket alleged that when Krcmar passed Thomas's cell, Thomas threatened him, spit on him, and ignored Krcmar's direct orders to stop his behavior. *Id*. at p. 7. In response to Thomas's behavior, Krcmar indicated he deployed a short burst of chemical spray. When Thomas refused to cuff up after a direct order, Krcmar sprayed him again. *Id*. Thomas maintains the allegations in the disciplinary ticket were false. *Id*. As a result of the ticket,

Thomas alleges he served time in restrictive housing where he was in a cell with a solid steel door and a small window. *Id.* at p. 8. Air circulation was impeded by the limited openings, and he lacked access to natural light and social interactions. *Id.* He alleges that he was restricted to food service, which he describes as inadequate and unsanitary. *Id.*

### PRELIMINARY DISMISSALS

Thomas alleges the false disciplinary ticket amounted to defamation of character and a false communication. But a disciplinary ticket, even if false, does not violate an inmate's rights so long as the inmate receives due process. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thomas notes he received time in segregation, although it is not clear how much time he spent in segregation. He merely states he received restrictive housing for "18" but fails to specify whether that is 18 days, 18 weeks, or 18 months. (Doc. 1, p. 8). The allegations regarding his conditions also do not appear to be any different than those experienced by ordinary prisoners. *See Thomas v. Ramos*, 130 F.3d 754, 757-758, 761 (7th Cir. 1997). Even if Thomas's stay in segregation was "atypical and significant," in situations where an inmate complains about discipline in which he received segregation constituting an atypical and significant hardship (but not the loss of good-time credit), the disciplinary proceedings are subject to an informal due process inquiry. *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024) (citing *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024)). Informal due process requires only that an inmate is

provided (1) notice of the reasons for his placement in segregation, and (2) an opportunity to present his views in either a written statement or hearing. *See Ealy*, 109 F.4th at 966. Thomas fails, however, to provide any allegations regarding the disciplinary proceedings he faced due to this disciplinary ticket. Thus, there are no allegations suggesting that he was denied due process. Nor is his claim of defamation actionable under Section 1983. *See, e.g., Batagiannis v. West Lafayette Community School Corp.*, 454 F.3d 738, 742 (7th Cir. 2006) (stating that "there is no constitutional right to be free of defamation"). Thus, any claim regarding the issuance of a false disciplinary ticket is **DISMISSED without prejudice**.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment excessive force claim against Officer Krcmar for his use of chemical spray on Thomas on October 27, 2024.**
>
> **Count 2:** **Eighth Amendment conditions of confinement claim against Krcmar for Thomas's placement in restrictive housing.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Thomas states a viable excessive force claim against C/O Krcmar. Thomas alleges he was not resisting or acting out, and C/O Krcmar sprayed him with chemical spray in response to a statement about the temperature in the housing unit. His allegations suggest the force was used "maliciously and sadistically" rather than in "a good-faith effort to maintain or restore discipline." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Thus, Count 1 shall proceed against C/O Krcmar.

Thomas, however, fails to state a viable conditions of confinement claim in Count 2. Thomas alleges he was placed in a small cell with a solid steel door, small window, and feeding slot that impeded air circulation, social interaction, and physical movement. He also alleges his food service was restricted and the food was unsanitary and inadequate, but he fails to allege exactly how the food was deficient for his needs. He further fails to allege how long he was housed in the cell. As previously noted, Thomas stated he was in restrictive housing for "18" but fails to clarify whether that was days, weeks, or months. Further, there are no allegations to suggest that C/O Krcmar had knowledge of his conditions or acted with deliberate indifference. Although he authored the disciplinary ticket that placed Thomas in restrictive housing, there are no allegations to suggest Krcmar was aware of the exact conditions Thomas faced once he arrived in restrictive

---

[2]    *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

housing. *See, e.g.*, *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (stating that "[t]o recover damages under [Section] 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (noting that "[l]iability depends on each defendant's knowledge and actions"). Thus, Thomas fails to state a claim against Krcmar and Count 2 is **DISMISSED without prejudice**.

DISPOSITION

For the reasons stated above, Count 1 shall proceed against C/O Krcmar.

The Clerk of Court shall prepare for C/O Krcmar: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Thomas. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Thomas, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendant only needs to respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Thomas, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Thomas is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 24, 2026.**

Digitally signed by
Judge Sison
Date: 2026.07.24
13:58:21 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**